

ELECTRONICALLY-FILED
WOOD COUNTY COMMON PLEAS COURT
Monday, February 27, 2023 3:19:44 PM
2023CV0115 - Matthew L Reger
DOUGLAS F. CUBBERLEY
CLERK OF COURTS WOOD COUNTY OHIO

# IN THE COURT OF COMMON PLEAS
## WOOD COUNTY, OHIO

|  |  |  |
|---|---|---|
| RōBEX, LLC., <br> 8600 S. Wilkinson Way <br> Perrysburg, OH 43551, | ) <br> ) <br> ) <br> ) | **CASE NO:** <br><br> Judge |
| Plaintiff, | ) <br> ) <br> ) | **VERIFIED COMPLAINT FOR** <br> **INJUNCTIVE RELIEF AND DAMAGES** |
| –v– | ) <br> ) <br> ) | **JURY DEMAND ENDORSED** <br> **HEREON** |
| Donald Palo <br> 1145 Chinquapin Road <br> Travelers Rest, SC 29690 | ) <br> ) <br> ) <br> ) | Peter N. Lavalette (0063542) <br> Corey L. Tomlinson (0081894) |
| and | ) <br> ) <br> ) | Robison, Curphey & O'Connell, LLC <br> Four Seagate, 9th Floor <br> Toledo, OH 43604 |
| Robert Holmes <br> 226 Furnace Hill Road <br> Dunbar, PA 15431 | ) <br> ) <br> ) <br> ) | (419) 249-7900 <br> (419) 249-7911 (fax) <br> plavalette@rcolaw.com <br> ctomlinson@rcolaw.com |
| and | ) <br> ) <br> ) | *Attorneys for Plaintiff* |
| Michael Holmes <br> 490 Burke Road <br> Farmington, PA 15437 | ) <br> ) <br> ) <br> ) |  |
| and | ) <br> ) <br> ) |  |
| H2P Services LLC <br> c/o Statutory Agent <br> 490 Burke Road <br> Farmington, PA 15437 | ) <br> ) <br> ) <br> ) <br> ) |  |
| Defendants. | ) <br> ) |  |

Plaintiff, RōBEX, LLC, by and through undersigned counsel, for its Verified Complaint against Defendants Donald Palo, Robert Holmes, Michael Holmes, and H2P Services LLC, states and avers as follows:

## NATURE OF ACTION

1.      This is an action for trade secret misappropriation, unfair competition, deceptive trade practices, tortious interference with business relations, breach of duty, and breach of contract. RōBEX seeks a temporary restraining order, a preliminary and permanent injunction, and monetary damages against each of the Defendants.

2.      RōBEX provides robotic automation and materials handling integration services and systems, including technical support, repair and maintenance services for the glass container manufacturing industry, among other product and service lines.

3.      RōBEX was formed in 2015 by founders Jon Parker and Kevin Conti, and has experienced significant growth through its superior and confidential business practices, industry knowledge, and vigorous protection of this information.

4.      RōBEX's business is national in scope, providing products and services to customers throughout North America.

5.      RōBEX hired Defendants Palo, Michael Holmes and Robert Holmes in February 2017. While each of the Defendants had prior experience with the repair, servicing and maintenance of annealing lehrs in the glass container manufacturing industry, each of them acquired additional specialized and proprietary training, knowledge and expertise while under RōBEX's employ.

6.      In the course of employment for RōBEX, each of the Defendants gained access to proprietary and confidential customer lists, contact information, supplier relationships, pricing and margin information, sales techniques, operational methods, strategic marketing and product development plans and concepts, and related proprietary data and intellectual property and trade secrets of RōBEX (collectively the "Proprietary Information").

7.      Further in the course of employment with RōBEX, Defendant Palo developed drawings for key components of the systems and equipment which RōBEX was, and will continue

to be, engaged to repair, service and maintain, allowing RōBEX to manufacture, source and supply those components in the course of providing services and materials for its customers. Those drawings are RōBEX property, and Defendants' use of those drawings and parts constitutes wrongful misappropriate of RōBEX property.

8.     Each of the Defendants was compensated highly by RōBEX, for which consideration they were obligated to protect RōBEX's Proprietary Information and use it only to advance RōBEX's interests.

9.     On February 24, 2023, Defendants notified RōBEX that they were quitting RōBEX effective immediately, and that they intended to compete directly with RōBEX on active contracts and projects that RōBEX had pending with its customers. In fact, RōBEX was notified by one of its customers that Defendant Robert Holmes arrived at the customer's facility that same day announcing he was leaving RōBEX and offering to complete a pending project under his new business.

10.     Upon information and belief, one or more of Defendants is believed to have been issuing customer quotes on new work and accepting future service orders from RōBEX customers privately, without entering such quotes and orders in RōBEX's proprietary CRM system and knowing that they would not be providing under RōBEX's employ in an effort to conceal such business and divert it away from RōBEX, in anticipation of their attempted establishment of a competing business. Defendants are believed to have been engaged in this deceptive and unlawful conduct for several months, as the new entity under which Defendants claim now to be doing business was created as a Pennsylvania limited liability company in September 2022.

11.     Upon further information and belief, Defendant Palo had been stockpiling parts from RōBEX inventory which were not yet committed to existing projects or customers, in

anticipation of future projects with RōBEX customers about which Defendant Palo learned as a RōBEX employee.

12.     One or more Defendants have also approached at least one current RōBEX employee and offered potential employment with their competing entity to provide services to existing RōBEX customers.

13.     In light of the foregoing, the injunctive relief sought by RōBEX has two components. First, RōBEX seeks to enjoin Defendants from misappropriating active customer orders and jobs, and competing with RōBEX and soliciting RōBEX's customers in violation of the law, and in violation of RōBEX's terms of employment with Defendants. Second, RōBEX seeks to enjoin the inevitable disclosure, misappropriation, and use of RōBEX's Proprietary Information in violation of Ohio and federal law, and in violation of the terms of RōBEX's employment of Defendants.

## PARTIES AND JURISDICTION

14.     Plaintiff RōBEX, LLC is a limited liability company organized and existing under the laws of the State of Ohio with a principal place of business is located in Perrysburg, Wood County, Ohio.

15.     Plaintiff is a robotic automation and materials handling integrator, providing various services and systems including technical support and maintenance for the glass container manufacturing industry.

16.     Defendant Donald Palo is an individual resident of Traveler's Rest, South Carolina.

17.     Defendant Robert Holmes is an individual resident of Dunbar, Pennsylvania.

18.     Defendant Michael Holmes is an individual resident of Farmington, Pennsylvania.

19.     Defendant H2P Services, LLC ("H2P") is a limited liability company organized under the laws of Pennsylvania and was created by Defendants to divert work from, and compete with, Plaintiff.

20.     This Court has jurisdiction over this matter pursuant to R.C. § 2727.01 et seq. and R.C. § 2305.01.

21.     Venue is proper in Wood County as the county where all or part of the claim for relief arose, and where Plaintiff has a principal place of business.

### BACKGROUND ALLEGATIONS

22.     When RōBEX hired Defendants in 2017, they were introduced to RōBEX customers and afforded access to and trained in RōBEX's Proprietary Information.

23.     RōBEX invested significant time, and funds, to develop, maintain and preserve and safeguard the Proprietary Information, developing and enhancing RōBEX's reputation in the industry and adding significant value to RōBEX's goodwill.

24.     The Proprietary Information is the exclusive property of RōBEX and is a valuable asset.

25.     RōBEX derives independent economic value from the fact that the Proprietary Information is not generally known to and not readily ascertainable through proper means by other persons or entities who can obtain economic value from its disclosure. Defendants' use of the Proprietary Information would be harmful and detrimental to the interest of RōBEX.

26.     RōBEX takes reasonable steps to prevent the disclosure of its Proprietary Information to competitors, and restricts access to its Proprietary Information to certain employees depending on their need for such access. Among other protections, this is accomplished through the implementation and enforcement of certain policies and procedures, as well as through restricted access to data on computers and networks belonging to and maintained by RōBEX, as well as

physical locks and limited access to various buildings and portions of buildings under RōBEX's control.

27.     In late 2019, RōBEX implemented certain policies imposing certain requirements and duties on its employees, including the Defendants, as set forth it RōBEX's Associate Handbook ("the Handbook"). Those policies include Standards of Conduct, including the following conduct specifically articulated as "unacceptable":

> 2. Stealing, removing or defacing RōBEX, customer, or a co-worker's property, and/or disclosure of confidential information; . . .

> 11. Willful or careless destruction or damage to RōBEX assets . . .; and

> 18. Any other violation of Company policy.

28.     RōBEX's Handbook also expressly prohibits the improper use or disclosure of confidential information to anyone outside of RōBEX, including RōBEX's competitors:

> **Confidential Company Information:** During the course of work, associates may become aware of confidential information about RōBEX's business, including but not limited to information regarding Company finances, pricing, products and new product development, software and computer programs, marketing strategies, suppliers and customers and potential customers. Associates may also become aware of similar confidential information belonging to RōBEX's clients. It is extremely important that all such information remain confidential, and particularly not be disclosed to RōBEX's competitors. Any associate who improperly copies, removes (whether physically or electronically), uses or discloses confidential information to anyone outside of RōBEX may be subject to disciplinary action up to and including termination . . .

29.     As a further condition of employment, and as articulated in RōBEX's Handbook, each of the Defendants agreed:

> to hold in trust for the sole right and benefit of [RōBEX], and hereby assign to [RōBEX], or its designee, all right, title and interest in and to any and all inventions, original works of authorship, developments, concepts, improvements, designs, discoveries, ideas, trademarks or trade secrets, whether or not patentable or registrable under copyright or similar laws, which are conceived, developed or reduced to practice, or caused to be conceived or developed or reduced to practice, during the period of their employment with the Company (collectively, "Inventions").

30.     RōBEX issued a copy of the Handbook to each of the Defendants at a meeting in December 2019, or at some point over the next two months. Defendant Michael Holmes acknowledged his receipt and understanding of the Handbook by signature dated December 12, 2019. Defendant Palo acknowledged his receipt and understanding of the Handbook by signature dated February 14, 2020. Defendant Robert Holmes acknowledged his receipt and understanding of the Handbook in an email exchange from December 2021 with RōBEX's HR and Marketing Manager.

31.     In addition to their possession of Proprietary Information of RōBEX, each of the Defendants is in possession of tangible property of RōBEX including computers, tooling, parts and other tangible property of RōBEX.

32.     RōBEX provided each of the Defendants with training on specialized customer relations software, as well as RōBEX proprietary processes, technology, business relationships, customer relationship, and Proprietary Information.

33.     By virtue of their positions with RōBEX, each of the Defendants had access to and actually used RōBEX Proprietary Information in marketing, bidding and providing their services, as well as in developing various product development and sales strategies and related plans. Part of the Proprietary Information to which Defendants had access as RōBEX employees are certain technological innovations and improvements to the systems and equipment on which Defendants primarily perform their services, with one or more of Defendants integrally involved in those innovations and improvements, which belong to RōBEX exclusively.

34.     When RōBEX learned that Defendants had left the company and were attempting to compete with RōBEX by completing pending jobs with existing RōBEX customers, RōBEX sent each Defendant a letter demanding that they cease and desist from misusing RōBEX Proprietary Information, that they cease and desist from communicating with RōBEX customers in an effort to

divert work from RōBEX, and that they return all RōBEX property immediately. Defendants have also been asked to disclose an inventory of all RōBEX property, tangible and intangible, including electronically-stored information and data, in their possession, and to take steps to preserve and safeguard such RōBEX property while RōBEX determines how to efficaciously arrange for the return of that property.

35.     Further efforts by Defendants to compete with RōBEX will result in the inevitable disclosure of RōBEX Proprietary Information, resulting in harm to RōBEX's assets, goodwill, and business relationships, and causing RōBEX damage in an amount which has not yet been determined.

36.     Defendants' conduct competing with RōBEX is in violation of common law and contractual duties owed to RōBEX, constitutes misappropriation of RōBEX's Proprietary Information, constitutes deceptive trade practices in violation of Ohio law, unfairly competes with RōBEX, and has tortiously interfered with RōBEX's business relationships.

37.     Defendants' material breaches, and Defendants' tortious conduct, has and will continue to cause RōBEX to incur damages, attorney fees, and costs, and threatens to damage RōBEX's goodwill and reputation.

38.     Defendants cannot proceed to work for RōBEX customers on pending and future work orders and projects they have been actively soliciting without violating their common law and contractual duties, without misappropriating RōBEX trade secrets and property, without tortiously interfering with RōBEX business relationships, and without using or disclosing RōBEX's Proprietary Information. Unless immediately restrained from doing so, Defendants will proceed with their competitive activities in violation of the law and thereby cause RōBEX immediate, irreparable harm and damages as result of the inevitable and unauthorized use or disclosure of RōBEX Proprietary Information.

## FIRST COUNT
### Trade Secret Misappropriation

39.     Plaintiff adopts by reference the foregoing averments as if fully rewritten herein.

40.     Defendants' employment by RōBEX created a duty of confidentiality and trust to RōBEX. Defendants' knowledge of the Proprietary Information was acquired only as a result of Defendants' employment by RōBEX in confidence and trust, under the obligation not to disclose the same to any unauthorized parties or to use said Proprietary Information for their own personal gain. Defendants are also required to return to RōBEX all RōBEX property upon termination of employment.

41.     Defendants' acquisition and misuse, as well as their continued threatened disclosure or misuse, of the Proprietary Information constitutes a misappropriation of trade secrets under the common law and R.C.§1333.61 et seq..

42.     Ohio R.C. §1333.62 authorizes this Court to enjoin actual or threatened misappropriation of trade secrets for so long as needed to eliminate the commercial advantage that otherwise would be derived from the misappropriation.

43.     Any disclosure, use or making known of the Proprietary Information to competitors, including Defendants, would cause RōBEX to suffer an irreparable injury for which there is no adequate remedy at law. Unless the relief requested herein is granted, the unlawful disclosure and use the Proprietary Information will result, causing a loss of business which RōBEX may never be able to regain.

44.     Once RōBEX's Proprietary Information is disclosed by Defendants the competitive injury to RōBEX cannot be undone.

45.     By virtue of Defendants' misappropriation, RōBEX is entitled to an award of compensatory damages exceeding $25,000.

46.     In addition, Defendants' misappropriation was intentional and malicious and, thereby, RōBEX is entitled to an award of exemplary damages and attorney fees pursuant to R.C. 1333.63.

## SECOND COUNT
### Unfair Competition

47.     RōBEX adopts by reference the above averments as if fully rewritten herein.

48.     Any disclosure or use of the Proprietary Information by Defendants would be an unfair and improper method of competition with RōBEX in violation of Ohio law. Any such disclosure, or use, would cause irreparable injury to RōBEX and damage will result to RōBEX therefrom.

49.     While competing with RōBEX, Defendants are in possession of Proprietary Information that may permit them to divert existing work, or underbid or otherwise secure additional work from RōBEX's customers based on unauthorized use or disclosure of RōBEX Proprietary Information, comprising unfair competition by Defendants.

50.     By virtue of Defendants' unfair competition, RōBEX is entitled to an award of compensatory damages exceeding $25,000.

51.     In addition, Defendants acted with actual malice in unfairly competing with RōBEX, thereby entitling RōBEX to recover punitive damages and attorney fees.

## THIRD COUNT
### Deceptive Trade Practices

52.     RōBEX adopts by reference the above averments as if fully rewritten herein.

53.     Through the acts and conduct set forth herein, Defendants have caused a likelihood of confusion or misunderstanding as to the source, sponsorship or approval of their goods or services.

54.     Through the acts and conduct set forth herein, Defendants have caused a likelihood of confusion or misunderstanding as to affiliation, association or connection with their goods and/or services.

55.     Through the acts and conduct set forth herein, Defendants have represented that their goods and services have sponsorship, approval, status, affiliation, or connection that Defendants do not have.

56.     By virtue of Defendants' conduct, which is continuing, and pursuant to R.C. §4165.03, RōBEX is entitled to injunctive relief, actual damages exceeding $25,000, and attorney fees.

**FOURTH COUNT**
**Tortious Interference with Business Relations**

57.     RōBEX adopts by reference the above averments as if fully rewritten herein.

58.     Through the acts and conduct set forth herein, Defendants, without privilege to do so, are attempting to induce or otherwise purposefully cause third parties not to enter into and/or continue business relationship with RōBEX.

59.     Without Defendants' interference, RōBEX has a reasonable probability of continued business and future business opportunities.

60.     Defendants had knowledge of such business relationships and yet, through the acts and conduct set forth herein, intentionally and improperly interfered with RōBEX's prospective business relationships, thereby causing RōBEX pecuniary harm resulting from the loss of these business relationships.

61.     By virtue of Defendants' tortious interference, RōBEX is entitled to an award of compensatory damages exceeding $25,000.

62.     In addition, Defendants acted with actual malice in tortiously interfering with RōBEX, thereby entitling RōBEX to recover punitive damages and attorney fees.

## FIFTH COUNT
### Breach of Duty

63.     RōBEX adopts by reference the above averments as if fully rewritten herein.

64.     As employees of RōBEX, Defendants owed common law duties to RōBEX. Such common law duties include, but are not limited to, duties of loyalty and utmost good faith.

65.     By virtue of Defendants' misconduct, including but not limited to the conduct described above and, in particular, Defendants' attempt to divert existing jobs, existing customers and potential customers away from RōBEX for their own benefit and using RōBEX resources to do so, Defendants breached their duties owed to RōBEX.

66.     As a direct and proximate cause of Defendants' misconduct, RōBEX has been damaged and, accordingly, RōBEX is entitled to an award of compensatory damages exceeding $25,000.

67.     In addition, Defendants acted with actual malice in breaching their duties, thereby entitling RōBEX to recover punitive damages and attorney fees.

## SIXTH COUNT
### Breach of the RōBEX Associate Handbook

68.     RōBEX adopts by reference the above averments as if fully rewritten herein.

69.     As a condition of and in consideration of employment, each Defendant acknowledged and agreed to the Handbook, by either signature or email confirmation. The Handbook prohibits stealing RōBEX property, as well prohibiting the disclosure of confidential information, willful damage of RōBEX assets, and other violations of company policy.

70.     In attempting to take over existing RōBEX jobs and compete for future work from RōBEX customers, Defendants have disclosed Proprietary Information and attempted to damage existing contracts and customer relationships.

71.     RōBEX has performed all of its obligations under the Handbook.

72.     Defendants' material breaches of the Handbook have caused and will cause RōBEX to incur damages, attorney fees, and costs.

73.     Defendants' continued competition with RōBEX will lead to the inevitable and unauthorized disclosure of RōBEX Proprietary Information.

74.     Unless immediately restrained from doing so, Defendants will proceed to compete with RōBEX in violation of their obligations under the Handbook, thereby causing RōBEX irreparable harm and damages as a result of the inevitable and unauthorized disclosure of RōBEX Proprietary Information.

75.     By virtue of Defendants' breach of the Handbook, RōBEX is also entitled to an award of damages in an amount exceeding $25,000, in addition to attorney fees.

**WHEREFORE,** RōBEX demands the following relief against Defendants:

A.     That this Court enter a temporary restraining order and a preliminary injunction, to be made permanent upon trial, enjoining Defendants from using or disclosing any trade secrets or proprietary information of RōBEX, including but not limited to the Proprietary Information described in this Complaint, that were acquired, learned, or otherwise known by Defendants during and as a result of their employment by RōBEX;

B.     That this Court enter a temporary restraining order and a preliminary injunction, to be made permanent upon trial, enjoining Defendants from soliciting RōBEX customers or providing services on pending RōBEX orders and projects, and future projects and orders about which Defendants have reason to know by virtue of their employment with RōBEX;

C.     That this Court enter a temporary restraining order and a preliminary injunction, to be made permanent upon trial, requiring Defendants to preserve and immediately return all RōBEX property to RōBEX;

D.     That this Court enter a temporary restraining order and a preliminary injunction, to be made permanent upon trial, enjoining Defendants from competing with or otherwise interfering with RōBEX's business interests in any way that would violate the terms of RōBEX's Handbook or result in the disclosure or use of RōBEX's Proprietary Information or trade secrets for a period of two years from the date of the first entry of such order;

E.     That this Court enter a judgment for money damages in favor of RōBEX and against Defendants in an amount to be proven at trial;

F.     That this Court enter judgment awarding punitive damages and attorney fees against Defendants, pursuant to R.C. 1333.64; and

G.     That this Court order such other relief as it may deem just and equitable.

Respectfully Submitted,

ROBISON, CURPHEY & O'CONNELL

/s/ Corey L. Tomlinson
Peter N. Lavalette (0063542)
Corey L. Tomlinson (0081894)
Robison, Curphey & O'Connell, LLC
Four Seagate, 9th Floor
Toledo, OH  43604
(419) 249-7900
(419) 249-7911 (fax)
plavalette@rcolaw.com
ctomlinson@rcolaw.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all matters so triable.

   /s/ Corey L. Tomlinson
Peter N. Lavalette (0063542)
Corey L. Tomlinson (0081894)
Robison, Curphey & O'Connell, LLC
Four Seagate, 9th Floor
Toledo, OH 43604
(419) 249-7900
(419) 249-7911 (fax)
plavalette@rcolaw.com
ctomlinson@rcolaw.com

*Attorneys for Plaintiff*

## VERIFICATION

I, Jonathan Parker, on behalf of RōBEX, LLC, declare that the Verified Complaint's factual

averments are true and accurate to the best of my knowledge and belief after a reasonable

investigation as to the underlying events.

Date: February 27, 2023

_____
Jonathan Parker

Sworn to before me and subscribed in my presence this 27th day of February, 2023.

_____
Notary Public

BRIAN P. BURNS
Notary Public, State of Ohio
My Commission Has No Expiration
Section 147.03 O.R.C.