UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

RoBEX, LLC,            Case No. 3:23-cv-430

       Plaintiff,

v.            ORDER

Donald Palo, et al.,

       Defendants.

On March 3, 2023, Defendants removed this action from the Wood County, Ohio Court of Common Pleas, asserting this court has original diversity jurisdiction over the matter. (Doc. No. 1).

For a district court to have original diversity jurisdiction over a case, complete diversity must exist between the parties to the dispute. 28 U.S.C. § 1332(a). To satisfy the diversity jurisdiction requirements, the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1). "[A] limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Accordingly, "[w]hen diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.*

Defendants have not satisfied this well-settled precedent. Instead, they allege Plaintiff RoBEX, LLC is a citizen of Ohio because it is "a limited liability company organized and existing under the laws of the State of Ohio with a principal place of business is located in Perrysburg, Wood

County, Ohio." (Doc. No. 1-1 at 4 (cited by Doc. No. 1 at 2)). Further, they seemingly suggest Defendant, H2P Services, LLC is a citizen of Pennsylvania by stating, "Defendant, H2P Services, LLC is a limited liability company duly organized and existing by virtue of the laws of the State of Pennsylvania." (Doc. No. 1 at 2).

Without knowing citizenship of each member of the LLC parties in this action, I cannot conclude diversity jurisdiction was properly invoked. *See Delay*, 585 F.3d at 1005. Therefore, to maintain this action in federal court, *see* 28 U.S.C. § 1447(c), Defendants must supplement their Notice of Removal by filing an affidavit of jurisdiction. In the affidavit, Defendants shall identify each member and sub-member, if applicable, of the LLC parties. For each member and sub-member, Defendants shall state jurisdictional allegations sufficient for me to determine the citizenship of that member. For example, if a member is a corporation, Defendant must state the member's place of incorporation and principal place of business.

The Temporary Restraining Order issued by Wood County, Ohio Court of Common Pleas Judge Matthew L. Reger shall remain in effect until further order of this court after I have verified this case was properly removed. (Doc. No. 1-3 at 3-5). In light of the Temporary Restraining Order and Plaintiff's pending motion for a preliminary injunction, (*id.* at 10-20), I urge Plaintiff and Defendant to work collaboratively to resolve this jurisdictional matter as soon as practicable and order Defendants to file the affidavit of jurisdiction on or before March 10, 2023.

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge