UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

RoBEX, LLC,                                                            Case No. 3:23-cv-430

              Plaintiff,

v.                                                                                                  ORDER

Donald Palo, et al.,

              Defendants.

On March 3, 2023, I issued an Order stating, "Defendants must supplement their Notice of Removal by filing an affidavit of jurisdiction. In the affidavit, Defendants shall identify each member and sub-member, if applicable, of the LLC parties. For each member and submember, Defendants shall state jurisdictional allegations sufficient for me to determine the citizenship of that member." (Doc. No. 3 at 2). Defendants did not file such an affidavit, and instead filed a notice with certain attachments. (Doc. No. 4).

In the notice, Defendants' counsel states Defendant H2P Services, LLC has only three members: Defendants Donald Palo, Michael Holmes, and Robert Holmes. (*Id.* at 1). Three of the attachments are affidavits of these three members. (*Id.* at 3-8). These affidavits do not state the domicile of these individuals, as is required to show citizenship. *Certain Interested Underwriters at Llyod's, London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994) (citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990)). Instead, they state only the conclusion that each is "a citizen" of a state; South Carolina, Pennsylvania, and Pennsylvania, respectively. (Doc. No. 4 at 3, 5, 7). Still, because the members of H2P Services are the same as the individual Defendants, identified in the Complaint

as residents of South Carolina and Pennsylvania, (Doc. No. 1-1 at 4), I will accept the submission and conclude Defendant H2P Services, LLC is a citizen of South Carolina and Pennsylvania.

More problematic is the submission regarding the citizenship of Plaintiff RoBEX, LLC. To show Plaintiff's citizenship, Defendants attach an email from Plaintiff's counsel stating Plaintiff's members consist of numerous layers of LLCs. (Doc. No. 4 at 9). As the final layer, Plaintiff's counsel states its sub-member's members are:

> • Midstate Engineering LLC ("Midstate"), an Indiana limited liability company. Each of the three members of Midstate Engineering LLC are Indiana residents;
> • Peak Co-Invest 1, LLC ("Peak"), an Illinois limited liability company. None of the members of Peak are residents of either Pennsylvania or South Carolina;
> • Robex Holdings Inc., a Delaware corporation;
> • Optimus Aggregator LLC ("Optimus Aggregator"), a Delaware limited liability company. None of the members of Optimus Aggregator are residents of either Pennsylvania or South Carolina; and
> • Optimus Management Aggregator LLC ("Optimus Management"), a Delaware limited liability company. None of the members of Optimus Management are residents of either Pennsylvania or South Carolina.

(*Id.*).

Not only does this fail to provide the principal place of business for Robex Holdings, Inc., as required to determine the citizenship of this corporate entity, but it also fails to identify each member and possible sub-member of the four LLC members. As I stated previously, "the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." (Doc. No. 3 at 1 (quoting *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009))).

In light of the complexity of Plaintiff's structure, I now charge Plaintiff with the burden of filing an affidavit of jurisdiction. This affidavit may be drafted and signed by Plaintiff's counsel. But it must list of every member and sub-member of RoBEX, LLC and state the relevant jurisdictional

allegations for each (e.g., the domicile of individuals, the place of incorporation and principal place of business of corporations). This affidavit shall be filed by March 24, 2023.

To be clear, because I still cannot verify this case was properly removed, the Temporary Restraining Order issued by Wood County, Ohio Court of Common Pleas Judge Matthew L. Reger remains in effect.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
