UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

RoBEX, LLC,                                                                    Case No. 3:23-cv-430

             Plaintiff,

v.                                                                             ORDER

Donald Palo, et al.,

             Defendants.

      In response to my Order requiring Plaintiff RoBEX, LLC to file an affidavit of jurisdiction, (Doc. No. 5), Plaintiff has filed a notice stating counsel's efforts to determine the identities and citizenships of its members and sub-members. (Doc. No. 7).

      It is apparent that Plaintiff's counsel has acted with diligence, "identify[ing] the citizenship of its members and sub-members through the first eight layers of ownership (comprised of eleven Delaware limited liability companies, three Delaware limited partnership, and one Delaware corporation)" and determining that "the ninth layer of ownership contains eighty-nine (89) sub-member entities, including limited liability companies, limited partnerships, public pension funds, public and private trusts, non-profit corporations or foundations, endowment funds, a state sovereign investment fund, international private equity funds, and various individuals." (*Id.* at 2-3). But because of the "scale and apparent complexity of entities outlined" in the ninth layer, Plaintiff has advised it is "unable to confirm that even upon further research, and diligence, it would be in a position to provide the required jurisdictional information for each sub-member." (*Id.* at 3).

As I have stated in my previous Orders, "[w]hen diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). This "must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

Here, Plaintiff's counsel has represented that "trac[ing] through however many layers of partners or members there may be" is likely an impossible task, and I have no reason to doubt their representation. Nor do I have any confidence that Defendants' counsel could procure this information, if given another opportunity.

Because there is no indication that Plaintiff's citizenship can be ascertained with any degree of certainty, I conclude Defendants cannot satisfy their burden of establishing that diversity jurisdiction was properly invoked. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it."); *see, e.g., JP Morgan Chase Bank, N.A. v. Century Truss Co. of Mich., LLC*, No. 10-cv-11877, 2010 WL 2556867, at *2 (E.D. Mich. June 22, 2010). Therefore, pursuant to 28 U.S.C. § 1447(c), this matter is remanded to the Wood County, Ohio Court of Common Pleas.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge